### COLLINS v. HALL.

1. NONSUIT.—AN APPEAL from an order refusing a motion of nonsuit will not be entertained unless the record shows the grounds upon which it was made.

2. PARTNERSHIP.—A MARRIED WOMAN is not bound by a copartnership contract made in 1890, whether the party contracting with the partnership had notice she was a member of the firm or not.

Before WATTS, J., Charleston, December, 1897. Reversed.

Foreclosure by M. H. Collins against E. A. Hall and E. B. Hall. From judgment for plaintiff, defendant, E. B. Hall, appeals.

*Messrs. Smythe, Lee & Frost* and *G. M. Trenholm,* for appellant. The latter cites: *Motion for nonsuit improperly refused:* 20 Stat., 1121; art. 14, sec. 8, Con.; Gen. Stat., 2037; 39 S. C., 525; 52 S. C., 497; 24 S. C., 461; 26 S. C., 517; 27 S. C., 525; 30 S. C., 242; 32 S. C., 455; 37 S. C., 354; 42 S. C., 339; 52 S. C., 121. *Married woman, in 1890, could not make a joint and several bond:* Gen. Stat., 1882; 27 S. C., 541.

*Messrs. Murphy & Legare* and *W. St. Julien Jervey,* contra.

June 22, 1899.  The opinion of the Court was delivered by
Mr. Justice Gary.   The defendants, E. A. Hall and
Emala B. Hall, his wife, executed a joint and several bond,
on the 6th of May, 1890, in penal sum of $4,000, conditioned
to pay to the plaintiff, M. H. Collins, $2,000, in four equal
instalments from date, with interest payable semi-annually
during the first year, and annually thereafter.   On the 12th
of June, 1896, this action was commenced upon the aforesaid
bond, the complaint alleging that no part thereof had been
paid except the sum of $70, on January 22d, 1891, and $27
on March 2d, 1891, on account of interest.   The defendant,
E. B. Hall, filed an answer to the complaint, in which she
alleged that she was and is the wife of E. A. Hall, and that
on the 6th of May, 1890, and prior thereto, E. A. Hall was
engaged in business in the city of Charleston, under the style
of E. A. Hall & Co., and using the name of the defendant, E.
B. Hall, as the other partner in said firm; that the bond set
out in the complaint was executed for the purpose of secur-
ing a debt contracted by and for the use of the so-called firm
of E. A. Hall & Co.   At the conclusion of the plaintiff's tes-
timony, the defendants' attorneys made a motion for a non-
suit, which was refused.   The jury rendered a verdict
against the defendant, E. B. Hall, for $3,029.84.   Judgment
was duly entered, and the defendant, E. B. Hall, appealed to
this Court.

The exceptions imputing error to his Honor, the Circuit
Judge, in refusing to grant the motion for a nonsuit,
will not be considered, as the record fails to disclose
the ground upon which the motion was made.   *Gra-
ham* v. *Seignious,* 53 S. C., 132.

The practical question raised by the other exceptions is
whether the presiding Judge committed error in charging
the jury, in effect, that if they found from the testimony that
the defendant, E. B. Hall, was a member of the firm of E. A.
Hall & Co., and the plaintiff had no notice of this fact, they
should find a verdict in behalf of the plaintiff.   In
other words, the question is whether, when a married

22—55

woman was a partner in trade, and a person dealt with the firm in ignorance of this fact, she is liable for the partnership debt.    The act of 1891 relative to the rights of married women has no application to this case, as that act was passed subsequent to the execution of the bond; neither has the act of 1887, on the same subject, any application, as it is not a "conveyance, mortgage, or like formal instrument of writing," affecting the separate estate of a married woman.    *Martin* v. *Suber,* 39 S. C., 536.    The case of *Vannerson* v. *Cheatham,* 41 S. C., 329, shows that even under the terms of the act of 1891, hereinbefore mentioned (which is more comprehensive than the law stood when the case of *Gwynn* v. *Gwynn,* 27 S. C., 525, was decided), a married woman did not have the *power* to enter into a contract of partneship with another person.    In the case of *Christensen* v. *Wells,* 52 S. C., 499, the Court says: "Under the act of 1882, a married woman was only invested with power to make contracts of a certain character, to wit: contracts as to her separate property; and hence, under that law, it was always held that in an action to enforce a contract by a married woman, the burden of proof was upon the plaintiff, not only to show the execution of the contract, but also that it was of such a character as a married woman was authorized to make, to wit: a contract as to her separate property."    See, also, *Early* v. *Law,* 42 S. C., 330; *Scottish Co.* v. *Mixson,* 38 S. C., 437.    As the right of a married woman to enter into a contract of partnership under the act ot 1882, depended upon the question of *power* conferred by the act, it could not be affected by want of notice of the partnership on the part of the plaintiff.    No testimony was offered for the purpose of showing fraud on the part of E. B. Hall.

The Circuit Judge was in error, and the case is remanded for a new trial.